# UNITED STATES DISTRICT COURT
for the

_Middle_ District of _North Carolina_

_____ Division

FILED NOV 0 6 2023 IN THIS OFFICE Clerk U.S. District Court Greensboro, N.C. By\_\_\_\_

Michael Laverne Murphy
_Plaintiff(s)_
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

Sheriff Sam Page,
Officer Lucas,
Officer Kenneth,
Officer Wayne, and Officer Thomas
_Defendant(s)_
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

Case No. **1:23CV767**
_(to be filled in by the Clerk's Office)_

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: **Michael Laverne Murphy**
All other names by which you have been known:
ID Number: **68049-509**
Current Institution: **FCI - Petersburg**
Address: **P.O. Box 1000**
**Petersburg** (City) **VA** (State) **23804** (Zip Code)

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: **Sam Page**
Job or Title *(if known)*: **Sheriff**
Shield Number:
Employer: **Rockingham County Sheriff's Office**
Address: **170 NC-65**
**Reidsville** (City) **NC** (State) **27320** (Zip Code)
☑ Individual capacity ☑ Official capacity

Defendant No. 2
Name: **Officer Lucas**
Job or Title *(if known)*: **Detention Officer**
Shield Number:
Employer: **Rockingham County Jail**
Address: **170 NC-65**
**Reidsville** (City) **NC** (State) **27320** (Zip Code)
☑ Individual capacity ☑ Official capacity

Defendant No. 3
    Name                         Officer Kenneth
    Job or Title (if known)      Detention Officer
    Shield Number
    Employer                     Rockingham County Jail
    Address                      170 NC-65
                                 Reidsville          NC        27320
                                   City              State     Zip Code
    [✓] Individual capacity   [✓] Official capacity

Defendant No. 4
    Name                         Officer Wayne
    Job or Title (if known)      Detention Officer
    Shield Number
    Employer                     Rockingham County Jail
    Address                      170 NC-65
                                 Reidsville          NC        27320
                                   City              State     Zip Code
    [✓] Individual capacity   [✓] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.  Are you bringing suit against *(check all that apply)*:

    [ ] Federal officials (a *Bivens* claim)

    [✓] State or local officials (a § 1983 claim)

B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    Defendants actions violated Plaintiff's rights secured by the United States Constitution under the first and Eighth Amendments. In addition, Defendants actions constituted false imprisonment and intentional infliction of emotional distress under the laws of the United States.

C.  Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

DEFENDANT NO. 5
NAME                    Officer Wayne
JOB OR TITLE            Detention Officer
SHIELD NUMBER
EMPLOYER                Rockingham County Jail
ADDRESS                 170 NC-65
                        Reidsville, NC 27320

[✓] Individual Capacity    [✓] Official Capacity

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

At all times mentioned in this Complaint, Defendants acted within the scope of their employment with the Rockingham County Sheriff's Office and the Rockingham County Jail, and all times acted under color of state law.

### III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [x] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

### IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

Rockingham County Jail
170 NC-65
Reidsville, NC 27320

Between and including March 5, 2021 through and including October 5, 2021

C. What date and approximate time did the events giving rise to your claim(s) occur?

*Between and including March 5, 2021 through and including October 5, 2021*

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

*See attached pages titled "Statement of claim" under "Facts."*

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

*See attached pages titled "Statement of claim" under Legal claims.*

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Plaintiff respectfully prays that this Court enter judgment:
1. Granting Plaintiff a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States;
2. Granting Plaintiff compensatory damages in the amount of $500,000 against each defendant, jointly and severally;
3. Granting Plaintiff nominal and punitive damages in the amount of $500,000 against each defendant, jointly and severally;
4. Plaintiff also seeks a jury trial on all issues triable by jury;
5. Plaintiff also seeks recovery of his costs in this suit; and
Any additional relief this Court deems just, proper, and equitable.

# Statement of Claims

## Facts

1. On March 5, 2021, Plaintiff was booked into the Rockham County Jail and placed on suicide watch despite not having shown or expressed any suicidal ideations or a desire to harm himself. Initially, Plaintiff was placed in an "observation" cell but was moved to a regular cell, albeit in a padded apron instead of regulation inmate attire and confined to quarters, 24-hours a day.

2. That morning, during the breakfast meal, Officer Lucas came to Plaintiff's cell door and handed Plaintiff a meal tray. Plaintiff asked Officer Lucas why he was on suicide watch since he wasn't suicidal. Officer Lucas told Plaintiff to "...deal with it." When Plaintiff then requested a spoon or other eating utensil so that he could eat his meal, Officer Lucas told Plaintiff that he wasn't entitled to one. Plaintiff asked Officer Lucas to explain how he was supposed to eat his meal without an eating utensil, Officer Lucas told Plaintiff to "...use your hands."

3. Later that afternoon at approximately 12:08 p.m., Officer Lucas returned to Plaintiff's cell door with Plaintiff's lunch tray. Plaintiff told Officer Lucas that he wanted to see someone from mental health so he could get a clear answer as to why he was being held, without cause, on suicide watch. Officer Lucas responded that he wasn't going to call for anyone to see Plaintiff and told him that he should have thought twice before trying to kill two government officers. When Plaintiff then requested a grievance form and a spoon to eat with, Officer Lucas told Plaintiff that he should "...eat

with [his] hands like a dog."

4. In the evening, Officer Thomas came to Plaintiff's cell door with Plaintiff's dinner tray. Plaintiff recounted to Officer Thomas how Officer Lucas had refused to call for someone from mental health services to come see him or even to provide Plaintiff with a grievance form or even an eating utensil so that he could eat his meals; Officer Thomas then handed Plaintiff his tray without an utensil, telling Plaintiff "Monkey, eat with your hands like you [sic] been doing." Officer Thomas then locked Plaintiff's cell door and ignored Plaintiff's repeated requests for a grievance form.

5. On March 6, 2021, Officer Kenneth came to Plaintiff's cell door with Plaintiff's breakfast tray. Again, Plaintiff was refused an eating utensil. When Plaintiff told Officer Kenneth that he needed a pencil and the appropriate forms to file an administrative grievance regarding his continued confinement in suicide watch and harassment by staff, Officer Kenneth simply laughed and told Plaintiff "Good luck with that."

6. That same day at approximately 12:30 p.m., Officer Kenneth returned to Plaintiff's cell door, this time with Plaintiff's lunch tray. When Plaintiff again asked for an eating utensil and grievance forms, Officer Kenneth told Plaintiff to "...quit whining" and that no one was going to give Plaintiff anything.

7. Later that evening, Officer Wayne came to Plaintiff's cell door with Plaintiff's dinner tray. When Plaintiff asked for grievance forms and for an eating utensil, Officer Wayne replied that Sheriff Sam Page was very much aware of the allegations against Plaintiff and had specifically

instructed jail staff to keep Plaintiff in suicide watch and to not provide Plaintiff with grievance forms or an eating utensil.

8. The next morning on March 8, 2023, Officer Lucas came to Plaintiff's cell door with Plaintiff's breakfast tray. Again, Plaintiff requested a grievance form and an eating utensil. Officer Lucas then told Plaintiff to "...shut up; you're not getting nothing [sic]."

9. Plaintiff continued to be confined in suicide watch, denied grievance forms, denied an eating utensil, and repeatedly harrassed by staff until approximately October 5, 2021.

LEGAL CLAIMS

10. Defendants Sam Page, Lucas, Kenneth, Wayne, and Thomas knew or should have known that confining Plaintiff in suicide watch for approximately eight months without valid reason was likely to cause Plaintiff severe psychological and emotional distress. The Defendants' conduct is so egregious as to not be tolerated in a civilized society. Defendants' actions and conduct constituted false imprisonment and violated Plaintiff's rights under the Eighth Amendment to the United States Constitution and caused Plaintiff pain, suffering, physical injury, and emotional distress.

11. By denying Plaintiff access to grievance forms and subjecting Plaintiff to continued harrassment and retaliation for attempting to exercise his right to seek redress from the prison through use of the prison grievance system, Defendants Sam Page, Lucas, Kenneth, Wayne, and Thomas have

effectively chilled Plaintiff's rights under the First Amendment to the United States Constitution. These illegal actions have caused Plaintiff injury to his First Amendment rights

12. Defendants Sam Page, Lucas, Kenneth, Wayne and Thomas were deliberately indifferent to Plaintiff's serious medical needs when they impeded and prevented Plaintiff from speaking to mental health staff when he was being held in suicide watch. Defendants' actions violated Plaintiff's rights under the Eighth Amendment to the United States Constitution and caused Plaintiff pain, suffering, physical injury, and emotional distress.

13. Additionally, at all times mentioned herein, Defendants Lucas, Kenneth, Wayne, and Thomas were acting in the course and scope of their employment with Defendant Sam Page. Accordingly, Defendant Page is vicariously liable for the tortious conduct of Defendants Lucas, Kenneth, Wayne and Thomas.

14. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this Court grants the declaratory and compensatory relief which Plaintiff seeks.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Rockingham County Jail
170 NC-65
Reidsville, NC 27320

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☑ Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes
☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☑ Yes
☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

2. What did you claim in your grievance?

3. What was the result, if any?

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

During and throughout Plaintiff's incarceration at the Rockingham County Jail. Plaintiff repeatedly requested and was denied grievance forms and access to the prison's administrative grievance procedure. This and the Defendants' ongoing harassment and retaliation effectively chilled Plaintiff's ability to seek redress through the use of the prison grievance system.

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes
☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

    Plaintiff(s) _____

    Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

    _____

3. Docket or index number

    _____

4. Name of Judge assigned to your case

    _____

5. Approximate date of filing lawsuit

    _____

6. Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☑ No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

    Plaintiff(s) _____

    Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    _____

3.  Docket or index number

    _____

4.  Name of Judge assigned to your case

    _____

5.  Approximate date of filing lawsuit

    _____

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11-1-2023

Signature of Plaintiff: *Michael L. Murphy*
Printed Name of Plaintiff: MICHAEL LAVERNE MURPHY
Prison Identification #: 68049-509
Prison Address: FCI-PETERSBURG, P.O. Box 1000
Petersburg, VA 23804

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____
City _____ State _____ Zip Code _____
Telephone Number: _____
E-mail Address: _____